**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Unforgettable Coatings, Inc.,
Plaintiff(s),

v.

Bitec, Inc., et al.,
Defendant(s).

Case No. 2:26-cv-01497-JAD-NJK

**Order**

[Docket No. 19]

Pending before the Court is a stipulation to revive and extend case management deadlines by four months. Docket No. 19. The Court does not require a hearing. *See* Local Rule 78-1.

## I. BACKGROUND

This case arises out of a dispute concerning a roofing job. Docket No. 1-1. On July 1, 2026, the parties held a Rule 26(f) conference, Docket No. 15 at 1, at which time there was no impediment to proceeding with discovery, *see* Fed. R. Civ. P. 26(d)(1). Although the parties exchanged initial disclosures, no affirmative discovery of any kind was propounded for the following 77 days. *See* Docket No. 19 at 2. On September 17, 2026, Defendants served one set of written discovery. *See id.* On September 24, 2026, Plaintiff served one set of written discovery. *See id.* For reasons unclear, responses were not provided to either set of written discovery within the default 30-day timeframe. *See id.* at 2-3; *but see, e.g.*, Fed. R. Civ. P. 34(b)(2)(A). On October 29, 2026, Plaintiff responded to the written discovery. Docket No. 19 at 3. Defendants have not responded to the written discovery to date and, instead, the parties agreed to extend that response deadline to November 30, 2026. *See id.*

On July 16, 2026, the Court issued the operative scheduling order. Docket No. 16. That scheduling order required initial expert disclosures to be made by October 5, 2026, and rebuttal expert disclosures to be made by November 2, 2026. *Id.* at 1. The Court also set a discovery cutoff of December 2, 2026. *Id.* The Court warned therein as follows: "The case management deadlines are not to be considered tentative in nature. The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented

jointly or by stipulation." *Id.* at 2. Pending before the Court is a stipulation for relief from those deadlines that was filed on November 9, 2026, or more than a month after expiration of the initial expert disclosure deadline and only a few weeks before the discovery cutoff. Docket No. 16.

## II. STANDARDS

In addition to Local Rule 26-3, a request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure. "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[1] "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also, e.g.*, *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and

---

[1] The Ninth Circuit has at times taken a softer approach to extensions in other contexts, such as briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule). Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3.

resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams*, 627 F. Supp. 3d at 1177 (emphasis added). Extensions of case management deadlines are meant to arise from circumstances that could not have been reasonably foreseen at the time those deadlines were set. *See Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.* "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1177 (collecting cases); *see also, e.g.*, *Adrian v. Onewest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017); *Squyres v. Heico Cos.*, 782 F.3d 224, 238-39 (5th Cir. 2015).

A request to modify case management deadlines filed after those deadlines have already expired requires an additional showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The third factor addresses the reason why relief was not requested before the expiration of the subject deadline(s). *See, e.g.*, *de la Vega v. Barila*, 2026 WL 2689947, at *3 n.5 (D. Nev. Aug. 4, 2026). Failure to advance such reasoning is, standing alone, fatal to an attempt to establish excusable neglect. *Branch Banking*, 871 F.3d at 765.

## III. ANALYSIS

The parties fail to establish good cause to modify any of the case management deadlines and also fail to establish excusable neglect to revive the expired expert disclosure deadlines. The Court begins with the latter. The parties represent that "[t]he technical issues in this case, including the application of the roof coating system, the manufacturer's warranty requirements, and the inspection reports, are matters on which expert testimony may assist the trier of fact." Docket No. 19 at 7. The parties do not represent that this need for experts was a new epiphany and the parties knew that of the need for experts at least four months ago. Docket No. 15 at 3 (identifying as anticipated discovery "expert observations, analysis, and report"). And, yet, the parties sat on their hands, allowed the expert disclosure deadlines to expire, and then sought relief weeks later. No reason is advanced for the reason for delay in seeking relief, which alone dooms the required showing of excusable neglect to revive these expired deadlines.

The stipulation also fails to show good cause. The gist of the request is that the parties decided to sequence discovery to first obtain written discovery before proceeding to depositions and expert disclosures, *see, e.g.*, Docket No. 19 at 5 ("written discovery was a necessary predicate to meaningful depositions"), and to engage in non-party depositions before turning to party depositions, *id.* at 6. Such an approach may make sense as a general matter, but deciding to sequence discovery still requires diligence at each step of the process. If the parties were waiting to obtain written discovery before advancing their discovery interests otherwise, then they were obligated to propound written discovery and obtain written responses[2] in prompt fashion so that they could meet the case management deadlines that were set. That is not what happened here. The parties engaged in no affirmative discovery for 77 days after the Rule 26(f) conference. *See id.* at 2. That is not diligence and good cause is not shown by asserting that the parties were held

---

[2] The parties agreed to an extension for Defendants to respond to written discovery, pushing that deadline to November 30, 2026 (i.e., two days before the discovery cutoff). Docket No. 19 at 3-5. Parties cannot agree without judicial approval to such an extension when doing so "would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b). By now arguing that they cannot comply with the discovery cutoff based on their informal agreement, the parties call into question how it is that their agreement is effective without judicial approval. Moreover, the stipulation does not explain why more time to respond was needed.

up awaiting written discovery that they did not promptly seek. In short, the parties have not shown that the current deadlines could not reasonably have been met with the exercise of diligence throughout the discovery period.

While the primary thrust of the stipulation rests on the sequencing issue addressed above, the Court notes that the stipulation includes passing reference to other circumstances. As a threshold matter, parties must provide meaningfully developed discussion of their positions, not mere references. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Moreover, the additional circumstances do not establish a sufficient basis to establish good cause. The stipulation references the upcoming Thanksgiving holiday, Docket No. 19 at 6, but the existence of Thanksgiving was a circumstance known to the parties from the outset, *cf. Jackson,* 186 F.R.D. at 608. The stipulation references "exploring resolution," Docket No. 19 at 5, but case law abounds that settlement discussions do not suffice as an after-the-fact showing of good cause, *Williams*, 627 F. Supp. 3d at 1177. The stipulation also references that a few thousand pages of documents have been produced, Docket No. 19 at 7, but that is not particularly voluminous discovery and certainly does not warrant a four-month extension. Lastly, the stipulation references that one of the witnesses for whom a deposition was apparently noticed a month ago is now saying that he has no availability for at least two months. Docket No. 19 at 5. Insufficient detail is provided that would justify this lengthy unavailability[3] or why this issue was not ironed out in the weeks since the deposition was noticed.[4]

For all of the reasons above, the stipulation fails to show excusable neglect to revive the expired expert-related deadlines and the Court will not grant relief as to those deadlines. The stipulation also fails to show good cause to modify any case management deadlines. Given that

---

[3] Particularly with the wonders of technology, that a witness lives out of state should pose little impediment to proceeding promptly with a deposition. *Cf. F.T.C. v. Int'l Mkts. Live, Inc.*, 2025 WL 2644178, at *1-2 (D. Nev. Sept. 15, 2025) (applying Fed. R. Civ. P. 30(b)(4)).

[4] Lastly, the Court assumes that the parties believe the remaining discovery is important to their claims or defenses. When diligence is lacking, however, the Ninth Circuit has affirmed enforcement of case management deadlines despite contentions that important discovery was not obtained. *Cornwell*, 439 F.3d at 1027; *see also Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) ("the alleged importance of the documents appears inconsistent with the delay in seeking the documents").

the request is made jointly, in an effort that meaningful discovery can be taken so that the case is decided on its merits, and as a one-time courtesy, the Court will allow a one-month extension to the discovery cutoff and subsequent deadlines. The parties must take all reasonable steps to meet that deadline as set herein as **the Court will not allow further extensions** of this grace period.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part the pending stipulation. The Court **RESETS** case management deadlines as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: January 4, 2027
- Dispositive motions: February 4, 2027
- Joint proposed pretrial order: March 5, 2027, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: November 10, 2026

Nancy J. Koppe
United States Magistrate Judge